DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES ADAMS,**
Appellant,

v.

**CLAUDINE ADAMS,**
Appellee.

No. 4D18-264

[February 20, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kathleen J. Kroll, Judge; L.T. Case No. 502012DR011848AXXNB.

Andrea Cox and John A. Turner of Saul Ewing Arnstein & Lehr LLP, Miami, for appellant.

Steven M. Katzman and Craig A. Rubinstein of Katzman, Wasserman, Bennardini & Rubinstein, P.A., Boca Raton, for appellee.

GERBER, C.J.

The former husband appeals from the circuit court's "Second Order on True-Up/Equalizing Payment" and the circuit court's later order denying the former husband's "Motion for Rehearing of Second Order on True-Up/Equalizing Payment." The former husband primarily argued in the motion for rehearing that the "Second Order," entered eight months after the evidentiary hearing on which the order was based, did not credit certain expenses which the former husband continued to pay after the evidentiary hearing, up to the time the "Second Order" was entered and thereafter.

We affirm the "Second Order," because until the former husband filed his motion for rehearing, the former husband had not requested the circuit court to credit certain expenses which the former husband continued to pay after the evidentiary hearing up to the time the "Second Order" was entered and thereafter.

However, because the motion for rehearing ultimately raised this request, the circuit court erred in summarily denying the motion, which appears to merely seek relief consistent with the findings and conclusions in the "Second Order," that is, credit for certain expenses which the former husband continued to pay after the evidentiary hearing, up to the time the "Second Order" was entered and thereafter.

We remand for the circuit court to reconsider the former husband's motion for rehearing on its merits. We caution the parties and the circuit court that any order entered on the motion for rehearing should address credit to be given for any future payments beyond that order as well, rather than perpetuating piecemeal disposition and appeals of future payments.

*Affirmed in part, reversed in part, and remanded.*

CIKLIN and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2